IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERAEL U. DUES, | ) | CASE NO. 1:16 CV 1747 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JASON BUNTING, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jerael U. Dues for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Dues was convicted by a Cuyahoga County Court of Common Pleas jury in 2013 of drug trafficking, possession of criminal tools, and endangering children. He is serving eleven years[3] at the Marion Correctional Institution in Marion, Ohio.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin by non-document order dated August 11, 2016.

[2] ECF # 1.

[3] ECF # 6, Attachment 1 at 133-34.

[4] http://www.drc.state.oh.us/OffenderSearch

In his petition, Dues raises two grounds for habeas relief.[5] The State has filed a return of the writ arguing that the petition lacks merit and should be dismissed.[6] Dues has filed a traverse.[7]

For the reasons that follow, I will recommend Dues's petition be denied in part and dismissed in part.

## Facts

### A.     Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[8]

Police officers arrived at Dues's apartment to execute a warrant on a misdemeanor assault charge.[9]  No one came to the door.[10]  Within minutes of the officers' arrival, Deaunte Bullitt was seen throwing over 100 grams of crack cocaine and $22,000 in cash off Dues's balcony.[11]

---

[5] ECF # 1.

[6] ECF # 6.

[7] ECF # 7.

[8]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 6, Attachment 1 at 199.

[10] *Id.*

[11] *Id.*

Based on the discovery of the drugs and cash, the officers obtained a warrant to search Dues's apartment, where his girlfriend and three-year-old son also resided.[12]  The officers found drugs and drug paraphernalia throughout the apartment.[13]  In the kitchen, they found one bag of heroin in the cupboard; a plastic plate with cut marks and white residue – indicative of it use in cutting, separating, and weighing crack cocaine; two bottles of whey protein – a supplement often used as "cut material" in preparing cocaine for sale; a box of latex gloves – typically worn when cooking drugs to avoid contamination of the drug; a digital scale in the garbage can; and a large glass measuring bowl with a large amount of white residue – which later tested to be 4.21 grams of cocaine – in the dishwasher rack.[14]

In addition, inside the child's bedroom were many small plastic bags with blue stars on them–consistent with the packaging of heroin.[15]

Dues and Bullitt were indicted in a single indictment.[16] Dues was charged with a total of six counts: trafficking (Count 1) and possessing (Count 2) over 100 grams of cocaine (both counts included major drug offender (MDO) specification, a "juvenile" specification, and several forfeiture specifications);[17] trafficking (Count 3) and possessing (Count 4) between

---

[12] *Id*. at 201.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*. at 202.

five and ten grams of heroin;[18] possessing criminal tools, with forfeiture specifications;[19] and endangering children.[20]

Dues was found guilty of all six counts and all of the specifications, except for the forfeiture of the cell phones.[21]  At sentencing, the trial court merged the drug trafficking and drug possession counts relating to the cocaine and imposed eleven-years on the merged count.[22]  The court also merged the drug trafficking and drug possession counts relating to the heroin  and imposed eight-years on the merged count.[23]  In addition, the court imposed one year on the possessing criminal tools.[24]  The three terms are to be served concurrently.[25]

---

[18] *Id.*

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id.*

[23] *Id*.

[24] *Id*.

[25] *Id*.

**B.**     **Direct Appeal**

*1.*     ***Ohio Court of Appeals***

Dues, through counsel, filed a timely[26] notice of appeal[27] with the Ohio Court of

Appeals.  In his brief, Dues filed five assignments of error:

1.     "The trial court erred and deprived appellant of due process when the court instructed the jury as to Count 1 that the drug involved was cocaine and that the quantity of that drug equaled or exceeded 100 grams; and as to Count 3 that the drug involved was heroin and that the quantity of that drug equaled or exceeded 5 grams but was less than 10 grams; and gave similar instructions as to Counts 2 and 4, thereby relieving the State of is [sic] burden to prove every element of the offenses beyond a reasonable doubt."[28]

2.     "Appellant's right to a fair trial and due process of law was denied because the trial court improperly instructed the jury as to the Major Drug Offender specification and Constructive Possession."[29]

3     "The trial court erred and violated appellant's rights under the Sixth and Fourteenth Amendments to the Constitution of the United States when it denied appellant's motion to be tried separately from his codefendant."[30]

---

[26]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Dues's conviction and sentence were journalized on December 11, 2013, and December 18, 2013 (the latter being *nunc pro tunc* to December 9, 2013 (ECF #6, Attachment 1 at 131-134), and the notice of appeal was filed on January 8, 2014. *Id*. at 135.

[27]   *Id.*

[28]   *Id*. at 148.

[29]   *Id*.

[30]   *Id*.

4.    "Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution of the United States and Section 10, Article I, of the Ohio Constitution."[31]

5.    "The trial court erred and deprived appellant of due process when it denied appellant's motion for acquittal because the evidence produced at trial was insufficient to support appellant's conviction."[32]

The state filed a brief in response,[33] and Dues filed a reply.[34] The Ohio appeals court overruled all five assignments of error and affirmed the decision of the trial court.[35]

## 2.    *The Supreme Court of Ohio*

Dues, through counsel, thereupon filed a timely[36] notice of appeal with the Ohio Supreme Court.[37] In his brief in support of jurisdiction, he raised two propositions of law:

1.    "Due process requires that constructive possession of an article of personal property be based on proof that the defendant knowingly exercised control over the article in question or aided and abetted another person in such control.  Neither proof that the defendant had control of the premises when the article was possessed or concealed by

---

[31] *Id.*

[32] *Id.* at 149.

[33] *Id.* at 171.

[34] *Id.* at 189.

[35] *Id.* at 197.

[36]  *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The Ohio Court of Appeals affirmed the decision of the trial court on November 26, 2014.  Dues filed his notice of appeal with the Supreme Court of Ohio on January 12, 2015; thus, it is timely. ECF # 6, Attachment 1 at 220.

[37] *Id.*

-6-

another person, nor proof that the defendant had knowledge of the possession of the article of personal property on premises under the defendant's control, suffices to establish constructive possession without proof that the defendant was aiding and abetting the other person."

2.  "When erroneous jury instructions are delivered by a trial court at the conclusion of a criminal trial, the fact that correct, written jury instructions were furnished to the jury does not cure the error.  On appeal, it is the jury instructions that were delivered orally in open court that are to be reviewed for error even when the correct instructions were available to the jurors in writing."[38]

The State filed a waiver of memorandum in response.[39]  On June 24, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal under S. Ct. Prac. R. 7.08(B)(4).[40]

## 3.    *Motion for a new trial*

On July 15, 2016, Dues, through counsel, moved for leave to file a motion for a new trial based on newly discovered evidence.[41]  The State opposed the motion.[42]  The record does not indicate if the trial court ruled on the motion.

---

[38] *Id*. at 224.

[39] *Id*. at 236.

[40] *Id*. at 237.

[41] *Id*. at 238.

[42] *Id*. at 252.

**C.      Petition for writ of habeas corpus**

On July 8, 2016, Dues, through counsel, timely filed[43] a federal petition for habeas

relief.[44] As noted above, he raises two grounds for relief:

| | |
|---|---|
| **GROUND ONE:** | Fourteenth Amendment. |
| Supplemental Facts: | "There was insufficient evidence to prove beyond a reasonable doubt and allow a rational fact finder to return a verdict of guilty where petitioner did not have control of the premises or the article was possessed or concealed by another person, not even proof that petitioner had knowledge of possession of the article, which is the subject of the offense[.]"[45] |
| **GROUND TWO:** | Fourteenth Amendment. |
| Supplemental Facts: | "Petitioner was denied a fair trial where the court erroneously instructed the jury concerning possession and constructive possession when the Ohio Statute only criminalized actual possession of a controlled substance.  The court instructed the jury in an erroneous fashion, and any written instructions were not cured when the court orally informed the jury[.]"[46] |

---

[43] The present petition for federal habeas relief was filed on July 8, 2016. ECF # 1. The Supreme Court of Ohio dismissed Dues's appeal on June 24, 2015. ECF # 6, Attachment 1 at 237.  Although the present petition was filed more than one year after the decision of the Ohio Supreme Court dismissing Dues's appeal,  the United States Supreme Court teaches that for purposes of computing the time within which a petitioner may file for habeas relief, the one year period imposed by statute shall not begin until the ninety day period for seeking a writ of certiorari has expired, regardless of whether the petitioner actually seeks such relief or not. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).  Therefore, the petition is timely.

[44] ECF # 1.

[45] *Id*. at 5.

[46] *Id*. at 7.

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Dues is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[47]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[48]

3.    In addition, Dues states,[49] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[50]

4.    Moreover, subject to the arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[51]

5.    Finally, because Dues is represented by counsel, he has not requested the appointment of counsel,[52] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[53]

---

[47] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[48] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[49] *See* ECF # 1 at 3.

[50] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[51] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[52] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[53] 28 U.S.C. § 2254(e)(2).

**B.**    **Standard of review**

*1.*    *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[54] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[55]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[56]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations[57] and  "difficult to meet,"[58] thus preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[59]

---

[54] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[55]  *See* 28 U.S.C. § 2254 (2012).

[56]  28 U.S.C. § 2254(d) (2012).

[57] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted)).

[58]  *Id.* (citation omitted).

[59] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[60] In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[61] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case[62] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[63] A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[64] The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[65] Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[66] When no such Supreme Court holding exists, the federal habeas court must deny the petition.

---

[60] *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[61] *Brumfield v. Cain*, 135 S. Ct. 2269, 2293 (2015).

[62] *Id.*

[63] *Id.*

[64] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[65] *Id.*

[66] *See id.*

-11-

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[67]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[68]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[69]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[70]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.    *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[71]  Under § 2254(e)(1), "a

---

[67]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).

[68]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).

[69]  *Id.*

[70]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

[71]  *Brumfield*, 135 S. Ct. at 2277.

-12-

determination of a factual issue made by a [s]tate court shall be presumed to be correct."[72]

A federal court may not characterize a state court factual determination as unreasonable

"merely because [it] would have reached a different conclusion in the first instance."[73]  While

such deference to state court determinations does not amount to an "abandonment or

abdication of judicial review"or "by definition preclude relief,"[74] it is indeed a difficult

standard to meet.   "The role of a federal habeas court is to guard against extreme

malfunctions in the state criminal justice systems, not to apply *de novo* review of factual

findings and to substitute its own opinions for the determination made on the scene by the

trial judges."[75]

## C.    **Application of standard**

### 1.    *Ground One*

In his traverse,[76] Dues first argues that the evidence presented by the State at trial

was insufficient to prove beyond a reasonable doubt to a rational factfinder that petitioner

was in possession of the illicit drugs for which he was charged.[77]  For an insufficiency of

---

[72] 28 U.S.C. § 2254(e)(1) (2012).

[73] *Brumfield*, 135 S. Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

[74] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[75] *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citation omitted).

[76] ECF # 7.

[77] *Id.* at 2.

-13-

evidence challenge to a state criminal conviction brought under 28 U.S.C. § 2254,[78] "[an] applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt" with regards to the essential elements of the crime.[79]  This evidence is to be viewed in the light most favorable to the prosecution in making this analysis.[80]  This standard does not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact.[81]  Because petitioner only challenges the possession element of his conviction, this analysis focuses on the sufficiency of the evidence as it pertains to the evidence required to establish possession.[82]  Given this framework, Dues can only be granted habeas relief under the AEDPA if the state court decision was either contrary to or involved an unreasonable application of the framework clearly established in *Jackson v. Virginia*.[83]

---

[78] 28 U.S.C. § 2254.

[79] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[80] *Id.* at 319.

[81] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[82] *United States v. Bailey*, 553 F.3d 940, 943 (6th Cir. 2009).

[83] 443 U.S. at 324.

The Cuyahoga County Court of Appeals accurately articulated the *Jackson* standard in its analysis of petitioner's sufficiency of the evidence argument on appeal.[84] The court noted that in order to prove Dues's guilt for possession of cocaine, the evidence had to reflect that Dues constructively possessed the drugs since he did not actually possess it according to the officers's testimony.[85]  The standard for constructive possession was expressed by the court as requiring that Dues "knowingly exercised dominion and control over the cocaine,"[86] with awareness of the presence of the cocaine in his residence,[87]  though "the mere fact that the drug was in Dues's residence is insufficient to establish constructive possession."[88]  The court further noted that circumstantial evidence alone can be sufficient to prove constructive possession.[89]  This is in line with the approach both federal and state courts consistently have taken regarding issues of possession.[90]

---

[84] ECF # 6, Attachment 1 at 206.

[85] *Id.*

[86] *Id.*

[87] *Id.* at 207.

[88] *Id.* at 206.

[89] *Id.* at 207.

[90] *See State v. Mabry*, 2007-Ohio-1895, 2007 WL 1174446,  at  ¶ 18; *State v. Wolery*, 46 Ohio St. 2d 316, 348 N.E.2d 351, 360 (Ohio 1976); *State v. Bowshier*, 2009-Ohio-6387, 2009 WL 4546627, at ¶¶ 32-33; *United States v. Bailey*, 553 F.3d at 944.

The facts as laid out by the state appellate court establish that: (1) no one answered the door to Dues's residence when the police knocked, but the officers were able to hear "scurrying and dishes clanging" inside the apartment; (2) after the officers witnessed Bullitt throwing 100 grams of cocaine and $22,000 in cash off the balcony of Dues's apartment, the officers obtained a warrant to search the apartment and entered it, finding a measuring bowl with cocaine residue on it, a plate with cuts marks and white residue on it, two bottles of whey protein (which is typically used as "cut material" for preparing cocaine for sale), a box of latex gloves, a bag of heroin in a cupboard, a digital scale in the kitchen garbage can, and numerous small bags with blue stars on them consistent with the packaging of heroin in the child's bedroom; and (3) the apartment was Dues's, and Dues was sitting on the living room couch when the officers entered.[91]  The appellate court stated that this evidence was sufficient for the jury as the rational trier of fact to find that Dues constructively possessed the cocaine.[92]

Viewing the evidence in the light most favorable to the State, it was not objectively unreasonable for the state appellate court to conclude that the evidence was sufficient to allow a rational factfinder to conclude that constructive possession of the cocaine by Dues was established beyond a reasonable doubt. This was Dues's apartment. He was present in the apartment at the time the officers entered to execute the search warrant.  There were drugs and drug paraphernalia in numerous locations throughout the

---

[91] ECF # 6, Attachment 1 at 200-01, 207.

[92] *Id.* at 207.

apartment, including instruments which appeared to have been used to "prepare" the drugs in some manner.  The drugs and paraphernalia were not hidden in such a way that would make Dues's awareness of them so unlikely that no rational trier of fact could determine that he was conscious of their presence in his apartment.

Further, while it would be inappropriate to find Dues constructively in possession of the drugs solely based on the drugs being found in his residence, it was not objectively unreasonable for the appellate court to find that a rational trier of fact could, based on the evidence presented, determine that Dues was able to exercise dominion and control over the drugs and drug paraphernalia given their presence in numerous obvious and apparent locations throughout his apartment.  Dues also was present at the time the drugs and paraphernalia were found. As a result, the state appellate court's decision regarding Dues's possession was neither contrary to nor an unreasonable application of the relevant Supreme Court precedent, and Dues's constitutional rights under the Due Process Clause of the Fourteenth Amendment were not violated due to the state court's decision. Thus, Dues's Ground One challenge should be denied.

**2.**     ***Ground Two***

Dues contends that the state appellate court incorrectly determined that constructive possession is sufficient to establish possession under R.C. 2925.01(K). It is not for this court to determine whether a state court has correctly interpreted its own state laws: "[F]ederal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions."[93]  A state court's determination of what state law means is not a cognizable

issue for a habeas court to resolve. Further, as previously noted, the notion that possession

may be established by either actual or constructive possession has been consistently held

in both state and federal courts.[94]  Thus, to the extent that Dues has not stated a

cognizable Constitutional claim, it is not for this Court to analyze the adequacy of the

state court's interpretation of its own possession laws.  Therefore, this claim should be

dismissed.

Alternatively, even if Dues's second ground stated a cognizable claim based upon

a violation of due process, it does not reach the threshold for analysis under the relevant

Supreme Court precedent because the instruction is not erroneous. Dues argues that the

state trial court's instruction regarding constructive possession was erroneous and

"self-contradictory."[95]  As laid out by the state appellate court, the trial court's instruction

regarding possession was as follows:

> Possess or possession means having control over the thing or
> substance but may not be inferred solely on mere access to the
> thing or substance through ownership or occupation of the
> premises upon the thing or substance was found. Possession
> within the meaning of law may be either actual possession or
> constructive possession.

---

[93] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[94] *Supra*, note 14.

[95] ECF # 7 at 4.

Actual possession. Actual possession is defined as-a person exercises actual  possession when he knows he has a thing or substance on or about his person.

Constructive possession. Constructive possession is also sufficient to prove possession. Possession may not be inferred from mere access to the thing; however, a person constructively possesses a thing or substance when he   knowingly exercises or is able to exercise dominion and control over the thing or substance or over the premises on which the thing or substance is found or concealed, even though the thing or substance is not in his physical possession.

Knowledge of the illegal goods on one's property is sufficient to show constructive possession; however, the mere fact that property is located within premises under one's control does not of itself constitute constructive possession. It must also be shown that the person was conscious of the presence of the object.[96]

Dues specifically interprets the portion of the instruction stating that possession may not be inferred "'solely on mere access to the thing or substance through ownership or occupation of the premises upon the thing or substance was found'" as meaning that "petitioner's possession of the contraband cannot be inferred from the fact that he occupied or was in the apartment."[97]  On this basis, Dues argues that the trial court's instruction in the third paragraph contradicts the instruction in the first paragraph by permitting a court to find possession based only on whether petitioner was able to exercise dominion and control over the apartment where the contraband was found.[98]

---

[96] ECF # 6, Attachment 1 at 205.

[97] ECF # 7 at 4.

[98] *Id.* at 5.

-19-

Dues further interprets the fourth paragraph as creating a "second avenue" to finding constructive possession, such that petitioner would be guilty of constructive possession if he "knew or was conscious of the fact that Bullitt brought cocaine and/or drug money to petitioner's apartment."[99]  Dues argues that these instructions are prejudicial and that they erroneously include control over the premises on which the drugs are found as a basis for establishing possession, stating that the requisite dominion and control should only apply to the actual contraband at issue.[100]

In review for habeas corpus relief, the only relevant question regarding an alleged deficient jury instruction is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."[101]  In other words, the question is whether the jury instruction "so infused the trial with unfairness as to deny due process of law."[102]  It is not enough that the instruction be erroneous; it actually must violate a constitutional right.[103]  The Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly."[104]  But to even reach this analysis under *Estelle v.*

---

[99] *Id.*

[100] *Id.* at 6.

[101] *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

[102] *Id.* at 75.

[103] *Id.* at 72.

[104] *Id.* at 72-73.

*McQGuire*,[105] the jury instruction must be erroneous at the outset.  That is not the case here.

The jury instruction proffered by the trial court here is akin to instructions from numerous similar cases.[106]  Dues misinterprets the instructions given here as creating two different paths in order to establish constructive possession and as being contradictory. The fourth paragraph of the possession instructions, *supra*, does not create a "second avenue" by which to establish constructive possession; rather, it clarifies the statement in the first paragraph of the instruction, stating that possession may not be inferred "solely" on mere access to the drugs via ownership or occupation of the premises where the drugs were found.  It is only when an individual has knowledge or is conscious of the drugs on their property that they can be found to have constructively possessed those drugs.

---

[105]  *See id.* at 72.

[106]  See *Mabry*, 2007-Ohio-1895, 2007 WL 1174446 at ¶ 18 ("A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession."); *Wolery*, 46 Ohio St. 2d at 329, 348 N.E.2d at 360 ("Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession."); *State v. Hankerson*, 70 Ohio St. 2d 87, 91, 434 N.E.2d 1362, 1365 ("[T]he mere fact that property is located within premises under one's control does not, of itself, constitute constructive possession. It must also be shown that the person was conscious of the presence of the object."); *State v. Hooks*, No. CA2000-01-006, 2000 WL 1336630, at *3 (Ohio Ct. App. Sept. 18, 2000) ("A person has constructive possession of an object when he is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession.").

-21-

Though Dues states that "petitioner's possession . . . cannot be inferred from the fact that he occupied or was in the apartment,"[107] the correct interpretation is that such an inference cannot be made alone from the fact that Dues owned and was inside his apartment at the time the drugs were found.  But such an inference would be appropriate if the factfinder found that petitioner was consciously aware of the drugs's presence on his property, so long as he was able to exercise dominion and control over them.  As previously stated, this instruction is in accordance with case law regarding constructive possession issues and is not erroneous. Thus, the Court does not even reach the *Estelle* analysis regarding whether Dues's due process rights were violated as a result of the jury instruction.

The state court's decision here was not contrary to the relevant Supreme Court precedent, and as a result Dues's Ground Two challenge should fail.

## Conclusion

For the foregoing reasons, it is recommended that the petition of Jerael U. Dues for a writ of habeas corpus be denied in part and dismissed in part for the reasons discussed above.

Dated: July 30, 2018                                s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[107] ECF # 7 at 4.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[108]

---

[108] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).