UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------

| | : | |
|---|---|---|
| JERAEL U. DUES, | : | CASE NO. 1:16-cv-1747 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 11] |
| vs. | : | |
| | : | |
| JASON BUNTING, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Jerael Dues petitions for habeas corpus relief under 28 U.S.C. § 2254.[1] Magistrate Judge William H. Baughman, Jr. issued a report and recommendation ("R&R") recommending that the Court deny in part and dismiss in part Dues' petition.[2] Petitioner Dues timely objected.[3]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Baughman's R&R, and **DENIES IN PART** and **DISMISSES IN PART** Dues' § 2254 petition.

## I. Background

Petitioner Dues seeks to vacate his state drug convictions. His habeas petition makes a sufficiency-of-the-evidence challenge and a claim that an erroneous jury instruction deprived him of a fair trial.

The Ohio Court of Appeals described the factual background. Dues does not

---

[1] Doc. 1. Respondent filed a return of writ. Doc. 6. Petitioner filed a traverse. Doc. 7.
[2] Doc. 9.
[3] Doc. 11.

Case No. 1:16-cv-1747
Gwin, J.

dispute the Court of Appeals' factual findings.[4]

Police officers went to Jerael Dues' apartment to arrest Dues for a misdemeanor assault charge.

When the officers knocked at his door and identified themselves as police, no one answered the door. However, while the officers waited, they heard people running and dishes clanging inside the apartment. One officer then saw a man—later identified as Deaunte Bullitt—throw 100 grams of crack cocaine and $22,000 in cash off Dues' back balcony. The officers then forcibly entered Dues' apartment, where they found Dues sitting on his living room couch.

The officers later searched Dues' apartment, where Dues' girlfriend and three-year-old son also lived. The officers found drug residue and drug paraphernalia throughout the apartment.

In the kitchen, the officers found a bag of heroin in the cupboard; a plastic plate with cut marks and white residue (indicative of cutting, separating, and weighing crack cocaine); two bottles of whey protein (a supplement often used as "cut material" in preparing cocaine for sale); a box of latex gloves (typically worn when cooking drugs to avoid contamination); a digital scale in the garbage can; and a large glass measuring bowl with 4.21 grams of cocaine residue in the dishwasher rack.

In the child's bedroom, the officers found many small plastic bags with blue stars on them—consistent with the packaging of heroin. The officers also found an open safe.

---

[4] Doc. 6-1 at 199–201. Factual findings by the state court are presumptively correct. 28 U.S.C. § 2254(e)(1); *see Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)) (facts found by the state appellate court based on its review of the record are presumed correct by the federal habeas court).

Case No. 1:16-cv-1747
Gwin, J.

A jury convicted Dues of trafficking and possessing over 100 grams of cocaine, with a major drug offender specification and other specifications; trafficking and possessing between five and ten grams of heroin; possessing criminal tools, with forfeiture specifications; and endangering children.[5] The Ohio Court of Appeals upheld Dues' convictions.[6]

In Dues' habeas petition, Dues argues (1) that insufficient evidence showed that he constructively possessed the cocaine that Bullitt threw over the balcony and (2) that the state trial court deprived Dues of a fair trial by giving an improper "possession" jury instruction.

Magistrate Judge Baughman issued his R&R on July 20, 2018. He recommended that the Court deny relief as to Petitioner's sufficiency-of-the-evidence challenge. He also recommended dismissing Petitioner's jury instruction challenge to the extent Petitioner claims the "possession" instruction violated state law and recommended denying the challenge to the extent that Petitioner claims the instruction violated his due process rights.

Petitioner Dues objected to the R&R. The Court reviews de novo the objected-to portions of an R&R.[7]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls habeas review of state court proceedings.[8] Under AEDPA, habeas relief may only be

---

[5] Doc. 6-1 at 201–02.
[6] Doc. 6-1, Ex. 25. Petitioner also timely appealed to the Ohio Supreme Court, which declined to exercise jurisdiction over Petitioner's appeal. Doc. 6-1, Ex. 29.
[7] 28 U.S.C. § 636(b)(1).
[8] 28 U.S.C. § 2254; *Haliym v. Mitchell*, 492 F.3d 680, 690 (6th Cir. 2007).

-3-

granted on a showing of a meritorious federal law ground for relief.[9] A federal court may not overturn a state court adjudication because of a state law error.[10]

### III. Discussion

### A. Ground Two: The State Trial Court's Jury Instruction on the Possession Element

Petitioner challenges the propriety of the state trial court's jury instruction on the "possession" element of the offenses.

To the extent Petitioner argues that the state trial court incorrectly instructed the jury that evidence of "constructive possession" was sufficient to prove "possession" under Ohio Revised Code § 2925.01(K), this alleged state-law error does not state a claim for habeas relief and must be dismissed.[11]

Petitioner also appears to claim that the state trial court's allegedly erroneous and "self-contradictory" jury instruction on the "possession" element violated his due process right to a fair trial.

In evaluating this due process claim, the Court asks "whether the ailing instruction by itself so infected the entire trial [with unfairness] that the resulting conviction violate[d] due process."[12] Further, an ambiguous jury instruction may present a due process violation if "there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution."[13]

---

[9] *Haliym*, 492 F.3d at 690 (discussing 28 U.S.C. § 2254(d)).
[10] *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (explaining that, to the extent a petitioner's argument is based upon state law, the petitioner has failed to state a claim upon which habeas corpus relief may be granted); *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S. § 2254(a)).
[11] *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief.").
[12] *Id.* at 72.
[13] *Id.* (citing *Boyde v. California*, 494 U.S. 370, 380 (1990)).

Case No. 1:16-cv-1747
Gwin, J.

The Court does not find the jury instruction meets either standard. In fact, the Court does not even find the instruction to be erroneous or ambiguous. Petitioner attempts to show that the "possession" instruction was "self-contradictory" by taking select phrases out of context. Read altogether, however, the Court finds that the jury instructions on "possession" reflect prevailing state law[14] and comply with federal law. Accordingly, the jury instruction did not violate Petitioner Dues' constitutional rights.

**B. Ground One: Sufficiency of the Evidence as to the Possession Element**

Petitioner also claims that there was insufficient evidence to prove beyond a reasonable doubt that he constructively possessed the 100 grams of cocaine that Bullitt threw over the balcony. Although the § 2254 habeas statute generally prohibits the review of state law issues, a sufficiency-of-the-evidence claim is cognizable under § 2254 because the Due Process Clause "forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt."[15]

To succeed on the sufficiency-of-the-evidence claim, Petitioner must show that, viewing the record evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof beyond a reasonable doubt that Petitioner "possessed" the 100 grams of cocaine that Bullitt threw from the balcony.[16] For this determination, the Court looks to the possession element as defined by state law.[17]

---

[14] *Compare* Doc. 6-1 at 205 (jury instruction), *with, e.g.*, *State v. Hankerson,* 434 N.E.2d 1362, 1365 (Ohio 1982) ("Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession. ... [T]he mere fact that property is located within premises under one's control does not, of itself, constitute constructive possession. It must also be shown that the person was conscious of the presence of the object.").

[15] *Fiore v. White,* 531 U.S. 225, 228–29 (2001).

[16] *Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *Apanovitch v. Houk,* 466 F.3d 460, 488 (6th Cir. 2006).

[17] *Joseph v. Coyle,* 469 F.3d 441, 454 (6th Cir. 2006) ("In the habeas context, '[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" (citation omitted)).

Case No. 1:16-cv-1747
Gwin, J.

> Ohio Revised Code § 2925.01(K) states:
>
> "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.[18]

Because the officers testified that Petitioner did not have actual possession of the cocaine, the Court of Appeals found that the prosecution had to show that Dues constructively possessed the cocaine.[19]

"Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession."[20] The fact that the object may be located within premises under the individual's dominion and control does not, by itself, show constructive possession unless the individual "was conscious of the presence of the object" within those premises.[21] Constructive possession may be established by circumstantial evidence alone.[22]

The Ohio Court of Appeals correctly applied this Ohio constructive possession standard when it found that sufficient evidence supported Dues' convictions.[23] Plenty of circumstantial evidence showed that Petitioner had constructive possession over the 100 grams of cocaine that Bullitt threw over the balcony.

An officer saw Bullitt throw the cocaine from the balcony of Petitioner's apartment—while Petitioner was in the apartment.

---

[18] Ohio Rev. Code § 2925.01(K).
[19] Doc. 6-1 at 206.
[20] *State v. Wolery*, 348 N.E.2d 351, 360 (Ohio 1976).
[21] *Hankerson*, 434 N.E.2d at 1365.
[22] *Id.* at 1366–67; *State v. Barr*, 620 N.E.2d 242, 247–48 (Ohio Ct. App. 1993).
[23] *See* Doc. 6-1 at 206–07.

Further, given the many places where the officers found drug residue and drug paraphernalia throughout Dues' apartment, a juror could easily infer that Dues was aware that the 100 grams of cocaine was in his apartment. The officers found drug residue and drug paraphernalia in numerous conspicuous places, including in kitchen cupboards, on items in the dishwater, inside the kitchen trash, and in the child's bedroom. While the officers waited for someone to answer the door, the officers heard people scurrying and dishes clanging inside the apartment—right before one officer witnessed Bullitt trying to dispose of the cocaine and $22,000 over the back balcony. A reasonable juror could have found that Bullitt had not brought the 100 grams of cocaine into Dues' apartment without Dues' knowledge. With the scale and cutting materials, a reasonable juror could find Dues had been involved with the cocaine that Bullitt threw over the balcony.

Accordingly, the evidence was sufficient to allow any rational factfinder to find beyond a reasonable doubt that Petitioner possessed the 100 grams of cocaine. The Court overrules Petitioner's objection on this ground for relief as well.

## Conclusion

For the reasons stated, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Baughman's R&R, incorporating it fully herein by reference, and **DENIES IN PART** and **DISMISSES IN PART** Dues' § 2254 petition.

IT IS SO ORDERED.

Dated: April 25, 2019      *s/     James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE